NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

BLACKSTONE COMPANY,
INC., Respondent.

No. 81–3132.

United States Court of Appeals,
Third Circuit.

Sept. 7, 1983.

---

William A. Lubbers, Gen. Counsel, John Burgoyne, Asst. Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Jolane A. Findley, Atty., N.L.R.B., Washington, D.C., for petitioner.

Theodore M. Eisenberg, Jospeh P. Paranac, Grotta, Glassman & Hoffman, P.A., Roseland, N.J., for respondent.

Before GIBBONS and HUNTER, Circuit Judges, and LORD,* District Judge.

## OPINION OF THE COURT

PER CURIAM:

On August 22, 1982 this court, applying the holding in *Behring International, Inc. v. NLRB,* 675 F.2d 83 (3d Cir.1982), declined to enforce an order of the National Labor Relations Board reinstating employees Kevin Moffat and Robert Nagy, and awarding them back pay and seniority with Blackstone Company, Inc. *NLRB v. Blackstone Co.,* 685 F.2d 102 (3d Cir.1983). On June 20, 1983 the Supreme Court, —— U.S. ——, 103 S.Ct. 3105, 77 L.Ed.2d 1360, granted the Board's petition for certiorari, vacated, and remanded the case to this court for further consideration in light of *NLRB v. Transportation Management Corp.,* —— U.S. ——, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983). We requested comments from counsel for the parties as to the appropriate judgment in this court in light of the Supreme Court's judgment. Having considered those comments we conclude that the Board's order should be enforced in full.

In *Behring International v. NLRB, supra,* we held that the Board's rule shifting the burden of proof to the employer to show a legitimate reason for a discharge once a *prima facie* case had been made out of a discharge for engaging in protected activity was inconsistent with section 10(c) of the National Labor Relations Act, 29 U.S.C. § 160(c) (1976). In *Transportation Management* the *Behring International* interpretation of the Act was overruled. Thus our application of that interpretation in this case cannot stand.

Blackstone Company, Inc. contends that despite the contention it made when the petition for enforcement was first argued, we should not treat this case as a dual motive case turning on allocation of burden of proof. Rather, it urges, the General Counsel never carried its initial burden of a *prima facie* case of discharges for engaging in protected activity. We have carefully examined the record and conclude that the General Counsel produced evidence from which a factfinder could infer that the discharges were so motivated. While we might not draw the same inferences as were drawn by the Board, we cannot say that the inferences which were drawn lack the support of substantial evidence in the record as a whole.

The Board's order will be enforced in all respects.